IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DIADRA KISER, as Personal )
Representative of the )
ESTATE OF THOMAS G. KISER, )
Deceased, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-10-328-KEW
 )
LEONARD SAMUEL FULLAGAR, an )
individual and on behalf of )
THE LEONARD S. FULLAGAR )
REVOCABLE TRUST; )
GEORGE S. COWAN, JR., )
an individual; )
BUSINESS RESOURCES, LLC, )
d/b/a EAGLE CLAW GOLD MINING, )
a terminated Oklahoma Limited )
Liability Company; )
SAM COOPER, an individual; )
INTERNATIONAL MINING )
& MATERIALS, LLC, )
d/b/a ASK IT SERVICES, )
f/k/a ASK IT SERVICES, )
an Oklahoma Limited Liability )
Company, )
 )
        Defendants. )

## OPINION AND ORDER

This matter comes before the Court on Defendant George Cowan's Motion to Dismiss (Docket Entry #25). Plaintiff commenced this action on September 8, 2010 to seek to collect on a judgment entered in her favor on September 8, 2008 in the amount of $1,335,000.00 against a corporation identified as Mill Creek Enterprises, Inc. ("Mill Creek"). In this case, Plaintiff contends many of Defendants, including Defendant George Cowan ("Cowan")

controlled Mill Creek and misused its corporate form by fraudulently paying Mill Creek's funds to themselves to the detriment of Mill Creek's creditors, which includes Plaintiff. Plaintiff contends Mill Creek was used as an alter ego of one or more of Defendants in the fraudulent scheme. As a result, Plaintiff seeks to recover the amount of her judgment against Mill Creek from the named party Defendants.

Cowan countered with the subject Motion, alleging that this Court has no personal jurisdiction over him since he lives in the State of Texas and did not personally do business in Oklahoma. He contends the actions taken giving rise to the claims in this case were accomplished by Mill Creek, a corporation, and until the corporate veil is pierced, personal jurisdiction is lacking over him. Additionally, Cowan asserts Plaintiff has failed to state a claim upon which relief can be granted because Plaintiff's allegations of fraud are plead with insufficient detail in violation of Fed. R. Civ. P. 9(b) and 12(b)(6).

Initially, Plaintiff bears the burden of establishing personal jurisdiction over the individual Defendants. <u>American Land Program, Inc. v. Bonaventura Uitgevers Maatschappij, N.V.</u>, 710 F.2d 1449, 1454 (10th Cir. 1983). However, when a request for dismissal premised upon a lack of jurisdiction is decided on the basis of affidavits and other written material alone, Plaintiff need only make a prima facie showing. <u>Id.</u>; <u>Behagen v. Amateur Basketball</u>

Association of U.S.A., 744 F.2d 731, 733 (10th Cir. 1984).

The laws governing jurisdiction of the forum state determine the appropriate standard for establishing jurisdiction over a non-resident defendant in a case based in diversity so long as that exercise does not offend the due process clause of the Fourteenth Amendment of the United States Constitution. Rambo v. American Southern Ins. Co., 839 F.2d 1415, 1416 (10th Cir. 1988). In Oklahoma, the long-arm jurisdictional statute provides that "[a] court of this state may exercise jurisdiction on any basis consistent with the Constitution of this state and of the Constitution of the United States." Okla. Stat. tit. 12 § 2004(F). This language has been interpreted to authorize jurisdiction over non-resident defendants when such an exercise is consistent with the due process clause of the United States Constitution. Williams v. Bowman Livestock Equipment Co., 927 F.2d 1128, 1131 (10th Cir. 1991). Due process and the protections afforded under the Constitutions of both Oklahoma and the United States are satisfied only if the non-resident defendant has sufficient "minimum contacts" with the forum state and the exercise of jurisdiction would not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 339, 342, 90 L.Ed. 95, 102 (1945). This "minimum contact" standard requires that the court determine that the non-resident defendant "purposefully directed" his activities toward the forum

3

state, thereby deriving a benefit. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 (1985). This determination concentrates on the "defendant's conduct and connection with the forum state as such that he should reasonably anticipate being haled into court there." Id at 474 citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). A non-resident defendant will not be brought into a jurisdiction solely as a result of "random," "fortuitous" or "attenuated" contacts or the "unilateral activity of another party or a third person." Id. at 475. This variety of personal jurisdiction is frequently referred to as "specific jurisdiction." Kuenzle v. HTM Sport-Und Freizeitgerate AG, 102 F.3d 453, 455-57 (10th Cir. 1996).

Cowan has asserted the fiduciary shield doctrine in challenging personal jurisdiction over him. Under this doctrine, jurisdiction over individual corporate officers and directors must be established based upon their individual contacts with the forum states and not based upon the jurisdiction over the corporation itself. Ten Mile Indus. Park v. Western Plains Service Corp., 810 F.2d 1518, 1527 (10th Cir. 1987). The application of the aforementioned general rules of personal jurisdiction and the fiduciary shield doctrine, however, is qualified when it is alleged the individual acted in his own interests and the corporate shell is used to perpetrate a fraud on the plaintiff. Paten v. Thoroughbred Power Boats, Inc., 294 F.3d 640, 653 (5th Cir. 2002).

4

In this case, Cowan has not provided any evidentiary materials to support his assertion of residency or his lack of minimum contacts. Plaintiff has attached documentation to his response which indicates Cowan was the Vice President/Treasurer for Mill Creek during the relevant period when the allegations of fraud are alleged to have occurred. He also provides evidence to indicate Cowan received a significant amount of money in the form of a loan from Mill Creek. This evidence is sufficient to give rise to a suggestion that the application of the fiduciary shield doctrine might be successfully challenged in Cowan's circumstance. As a result, this Court does not rule that Plaintiff has established personal jurisdiction over Cowan in this Court at this time. The evidence is, however, sufficient for Plaintiff to be permitted to proceed with discovery against Cowan in order to establish personal jurisdiction or challenge the requirement that he do so as a result of Cowan's alleged fraudulent activity under the prevailing legal authorities.

Cowan also contends Plaintiff's allegations of fraud are not plead with sufficient detail as required by Fed. R. Civ. P. 9(b). This Court recognizes the deviation from the general rule of specificity in fraud allegations in corporate alter ego cases. In particular, Plaintiff cites to the case of <u>Wiebe v. Benefits Management Corp.</u>, 1993 WL 246096 (D.Kan. 1993), which provides in pertinent part on this issue that:

Because Rule 9(b) stands in such a marked departure from the principles of liberal pleading established under Rule 8(a), "its scope of application should be construed narrowly and not extended to other legal theories or defenses." 5 Wright & Miller, *Federal Practice & Procedure: Civil 2d*, § 1297 at 615 (1990) (footnote omitted). As a general rule, allegations of alter ego liability, even when premised on claims of potentially fraudulent conduct, are governed by the liberal notice standard of Rule 8(a) rather than the particularity standard contained in Rule 9(b). *Francosteel Corp. v. Corp. v. National Industries*, Case No. 90-C-20073, 1991 WL 166732 (N.D.Ill. Mar. 16, 1991); *Citicorp Internat'l Trading v. Western Oil & Refining*, 771 F.Supp. 600, 608 (S.D.N.Y.1991) (alter ego allegations analyzed under standard of Rule 8(a)); *Facet Financial v. Duncan*, Case No. 88-C-10845, 1989 WL 135207 (N.D.Ill. Oct. 26, 1989); *Builders Federal v. Turner Constr.*, 655 F.Supp. 1400, 1406 (S.D.N.Y.1987) (finding complaint's allegations of alter ego sufficient, even though it may not have explicitly stated fraud to the degree of particularity required by Rule 9(b)). *Contra Soviet Pan Am Travel Effort v. Travel Comm.*, 756 F.Supp. 126, 132 (S.D.N.Y.1991). In the present case, the court finds that the allegations of fraud raised in the complaint satisfy fully the requirements of Rule 9(b). The real question for the court is whether the complaint's allegations of alter ego liability are sufficient to satisfy the requirements of Rule 8(a).

<u>Wiebe v. Benefits Management Corp.</u>, 1993 WL 246096, 1 (D.Kan. 1993).

Little authority from the Circuit courts exists in this area. This Court finds some logic, however, in requiring less specificity when the objective of piercing the corporate veil is alleged against those in control of the corporation as Plaintiff has done in this action. Moreover, the objective of Fed. R. Civ. P. 9(b) "to afford defendant fair notice of plaintiff's claims and the

factual ground upon which [they] are based . . . ." is accomplished by Plaintiff's allegations in the Complaint. <u>Farlow v. Peat, Marwick, Mitchell & Co.</u>, 956 F.2d 982, 987 (10th Cir. 1992) (quotation omitted), *implied overruling on other grounds recognized by,* <u>Seolas v. Bilzerian</u>, 951 F.Supp. 978, 981-82 (D.Utah 1997). Thus, whether the liberal pleading requirement of Rule 8(a) or the more stringent requirement of Rule 9(b) is applied, Plaintiff has met the standards required by these rules.

IT IS THEREFORE ORDERED that Defendant George Cowan's Motion to Dismiss (Docket Entry #25) is hereby **DENIED**.

IT IS SO ORDERED this 28th day of September, 2011.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE